IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60651
Summary Calendar

_____

RUBY JEAN GORDON REID,

Plaintiff-Appellant,

versus

GRENADA SUNBURST SYSTEM
CORPORATION, ET AL.,

Defendants,

CONTINENTAL CASUALTY COMPANY;
GRENADA SUNBURST SYSTEM
CORPORATION LONG TERM DISABILITY
PLAN,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
(1:96-CV-73 SD)
_____

May 19, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this case, Ruby Reid appeals from the district court's
grant of summary judgment dismissing her claim for a violation of
ERISA, 29 U.S.C. § 1001 et seq. Finding no error, we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In her suit, Reid complained that CNA,[1] the insurance company fiduciary of the administrator for the Grenada Sunburst System Corporation Long Term Disability Plan (the "Plan"), had improperly denied her claim for long-term disability. In particular, Reid argued that CNA's determination that she was not "continuously unable to perform the substantial and material duties of [her] occupation," as required by the terms of the Plan, was in error because CNA relied on the fact that there was no "objective" medical evidence of inability to perform.

Relying on our decision in <u>Pierre v. Connecticut General Life Insurance Co.</u>, 932 F.2d 1552 (5th Cir. 1991), the district court found that CNA's denial was based on a factual determination, and that this determination was subject to review only for an abuse of discretion. Because it further found that CNA's denial was rational as a matter of law under the administrative record before it, the district court granted the Plan's motion for summary judgment.

On appeal, Reid argues that the district court erred by applying an abuse of discretion standard of review and by restricting its review to the evidence in the administrative record. In the alternative, Reid also asserts that CNA's decision

[1]Sometimes also known as Continental Casualty Company--the "C" in CNA.

-2-

was not rational.  None of these contentions has merit under this court's long-standing ERISA jurisprudence.

First, with respect to the standard of review, it is clear that the factual determinations of a plan administrator may only be reviewed for an abuse of discretion in this circuit.  Pierre, 932 F.2d at 1562.  CNA's determination that Reid was not "continuously unable to perform the substantial and material duties of [her] occupation" was a factual finding, and the district court did not err in giving it the benefit of the deferential standard of review.

Second, with respect to scope, it is equally clear that in evaluating the rationality of the administrator's factual findings, the district court may look only to the evidence that was before the administrator at the time the decision was made.  Widbur v. Arco Chemical Co., 974 F.2d 631, 639 (5th Cir. 1992).  Any other scope of inquiry would vitiate the deferential standard of review, and it is at any rate beyond dispute that the district court did not err in limiting its inquiry in this case.

Finally, with respect to the rationality of CNA's decision, we have stated that an administrator's factual determinations must be upheld so long as they "reflect a reasonable and impartial judgment." Pierre, 932 F.2d 1562.  Where the plan's terms require a finding of continuous inability "to perform the substantial and material duties of [an] occupation," it is the very essence of

reasonable and impartial rationality to require objective evidence of an inability to perform.  We agree with the district court that CNA's decision to require some objective proof was rational as a matter of law, and therefore find no error on this basis either.

For the foregoing reasons, the decision of the district court is

A F F I R M E D.